# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-00351-COA

**ERNIE CHARLES SANDERS A/K/A ERNIE SANDERS A/K/A ERNIE C. SANDERS A/K/A P BOY SANDERS**                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/09/2022 |
| TRIAL JUDGE: | HON. TOMIKA HARRIS IRVING |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: ZAKIA HELEN ANNYCE BUTLER |
| | ERNIE CHARLES SANDERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/09/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McCARTY AND SMITH, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     Ernie Sanders was convicted of failing to update his sex offender registration after remaining away from his address for more than seven days.  He was sentenced to serve five years in the custody of the Mississippi Department of Corrections.  Finding no arguable issues for appeal, Sanders' appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), and requested additional time for him to file a pro se supplemental brief.  Sanders filed a supplemental brief but only asserted that a charge in an unrelated cause had been dismissed due to insufficient evidence.

FACTS

¶2. On May 5, 2020, Ernie Sanders registered 228 Whitworth Street in Hazlehurst, Mississippi, as his address for the Mississippi Sex Offender Registry. His sex offender registration was renewed at this same address, where he was renting a room, on August 21, 2020.

¶3. Sanders' probation officer received a notification that his ankle monitor had gone offline. Pursuant to this notification, the officer decided to conduct a home visit to investigate why the ankle monitor was not charged. When the probation officer arrived for the home visit, he discovered that Sanders no longer lived at the Whitworth Street address. MDOC then issued a warrant for his arrest both for failure to charge his ankle monitor and for not being present for the home visit.

¶4. On October 16, 2020, the homeowner informed the Copiah County Sheriff's Office that Sanders no longer resided there and had not for approximately three to four weeks. Officers next contacted Sanders' wife, who informed them Sanders had been staying with her. A second warrant was issued for his arrest.

¶5. Sanders was eventually found hiding in a closet at his mother's home in Crystal Springs. Sanders admitted he had moved and failed to report his change of address.

**DISCUSSION**

¶6. Our Supreme Court has set forth a procedure to address cases where "appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *Lindsey*, 939 So. 2d at 748 (¶18). In cases like this,

appellate counsel must file a brief in compliance with Mississippi Rule of Appellate Procedure 28(a) and confirm the following:

> there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id.* The attorney must also "send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief." *Id.* Then, "the appellate court will determine, based on its review of the record and any pro se brief filed, if there is any arguable issue." *Johnson v. State*, 307 So. 3d 500, 502 (¶7) (Miss. Ct. App. 2020).

¶7.     Here, Sanders' appellate counsel complied with the precedent set in *Lindsey*. His counsel noted in her brief that she "diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues . . . and upon conclusion, has found none." Further, Sanders was informed of his right to file a pro se supplemental brief, which he did.

¶8.     This Court's independent and thorough review of the record and the pro se brief has not revealed any arguable issues that would warrant reversal. *See Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015). As a result, Sanders' conviction and sentence are affirmed.

¶9.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**